IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH COBBS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TODD L. BUSKIRK, et al. | : | NO.  12-2965 |

MEMORANDUM

BARTLE, J.                                          JUNE 27, 2012

Plaintiff Joseph Cobbs, an inmate at the Northampton County Prison, brings this action pursuant to 42 U.S.C. § 1983 against Warden Todd L. Buskirk; Prime Care Medical, Inc. ("Prime Care"), the medical provider at the prison; Amillia Cappuda, a director of Prime Care at the prison; and Northampton County. Plaintiff seeks to proceed in forma pauperis. For the following reasons, the Court will grant him leave to proceed in forma pauperis and dismiss his complaint without prejudice to his filing an amended complaint.

I.   FACTS

The complaint asserts Eighth Amendment claims based on prison officials' failure to properly treat plaintiff's broken finger. On March 5, 2012, plaintiff got into a fight with another inmate. Prison officials broke up the fight and plaintiff was "taken to medical to be cleared." (Compl. ¶ II.D.) A nurse identified as "Nurse Caroline" was on duty. Plaintiff alleges that he told Nurse Caroline that his finger was broken.

1

The complaint does not describe Nurse Caroline's response, but suggests that she did not treat plaintiff's finger.

Plaintiff subsequently filed requests for medical treatment, but was "constantly told . . . [that his] finger wasn't broken." (Compl. ¶ II.D.) He also filed several grievances, but was never given "official copies [of those grievances] or [provided a] hearing[]," and claims that his grievances were ignored. (Id.) Plaintiff alleges that he told Cappuda about his grievances and she responded that she had "seen them around someplace[,] she filed them in her book[,] but no longer knew where they were." (Compl. ¶ IV.F.2.) He also attached to his complaint a copy of a grievance dated April 26, 2012, which was specifically directed to Cappuda, in which he requested an "original copy" of a medical grievance that he filed on April 14, 2012. (Compl. Ex. B.) Copies of additional grievances attached to the complaint reflect that plaintiff shared his concerns about his finger with several nurses, none of whom are named as defendants.

Plaintiff ultimately received an x-ray, which established that his finger was, in fact, broken. A physician's assistant who saw the x-ray said to plaintiff that "it doesn't take a brain surgeon to see [that his] finger [was] broken." (Compl. ¶ II.D.) She also informed plaintiff that, although she works at the prison three times a week, she had not previously heard about his finger. On May 15, 2012, plaintiff received surgery at a local

2

hospital. The surgeon who performed the operation informed him that he "should seek counsel because if [his] finger was taken care of earlier it wouldn't be [so] bad." (Id.) Plaintiff had pins put in his finger and must undergo two more surgeries.

Plaintiff subsequently filed this lawsuit. He seeks $100,000 in damages for, among other things, pain and suffering, neglect, and disfiguration of his finger.

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider documents that are attached to or submitted with the complaint. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir.

3

2006).

As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). However, even a pro se plaintiff must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ray v. First Nat'l Bank of Omaha, 413 F. App'x 427, 429-30 (3d Cir. 2011) (per curiam).

### III. DISCUSSION

The Court will dismiss plaintiff's complaint because he has failed to state a claim against any of the named defendants. Local governments are not liable under § 1983 "for an injury inflicted solely by [their] employees or agents." Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. The same is true for corporate entities such as Prime Care. See Stankowski v. Farley, 251 F. App'x 743, 748 (3d Cir. 2007) (per curiam) (citing Monell and Woodward v. Corr. Med. Servs. of Ill., Inc., 368 F.3d 917, 927 (7th Cir. 2004)). Accordingly, plaintiff has failed to state a basis for the County or Prime Care's liability under § 1983, because nothing in the

complaint suggests that the alleged constitutional violations stemmed from those defendants' policies or customs.

Nor has plaintiff stated a claim against the remaining defendants. "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . ." See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) (quotations and citation omitted). Accordingly, plaintiff has not stated a claim against Warden Buskirk because nothing in the complaint suggests that the Warden was personally involved in any of the alleged violations of his rights. See Stankowski, 251 F. App'x at 747-48. Plaintiff appears to be asserting claims against Cappuda based on the fact that she mishandled his grievances. However, any such claims fail because "[i]nmates do not have a constitutionally protected right to the prison grievance process." Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) (per curiam) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam)); see also Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Furthermore, in its current state, the complaint does not allege sufficient facts to establish that Cappuda was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is

dismissed without prejudice. Plaintiff will be given an opportunity to file an amended complaint in the event he can cure any of the above deficiencies or identify individuals who are responsible for the alleged violation of his rights. An appropriate order follows.